```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WALTER G. PIETSCH,

                         Plaintiff,
                                                    MEMORANDUM & ORDER
            -against-                               13-CV-4696(JS)(WDW)

POLICE OFFICER VITO MARCANTONIO,
SHIELD # 299; HOFSTRA UNIVERSITY;
COMMISSION ON PRESIDENTIAL DEBATES;
DEMOCRATIC NATIONAL COMMITTEE;
REPUBLICAN NATIONAL COMMITTEE; and
STUART RABINOWITZ,

                         Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Walter G. Pietsch, pro se
                        P.O. Box 10057
                        Westbury, NY 11590

For Defendants:         No appearances.
```

SEYBERT, District Judge:

On August 21, 2013, plaintiff Walter G. Pietsch ("Plaintiff"), proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Police Officer Vito Marcantonio, Shield # 299 ("P.O. Marcantonio"); Hofstra University ("Hofstra"); Stuart Rabinowitz ("Rabinowitz"); the Commission on Presidential Debates ("Commission"); the Democratic National Committee ("DNC"); and the Republican National Committee ("RNC" and collectively, "Defendants").

On November 18, 2013, this Court sua sponte dismissed without prejudice Plaintiff's claims against Hofstra, Rabinowitz,

the Commission, the DNC, and the RNC pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (<u>See</u> the "November 18th Order," Docket Entry 7.) With respect to the claims against Hofstra and Rabinowitz, the Court found that Plaintiff's claims were not plausible because Plaintiff failed to establish that Hofstra and Rabinowitz were state actors for purposes of a Section 1983 claim. (November 18th Order at 8-10.) However, the Court granted Plaintiff leave to re-plead his claims against Hofstra and Rabinowitz to allege how Hofstra and Rabinowitz, as a private entity and individual, respectively, were acting under color of state law during the alleged Constitutional violation within thirty days from the November 18, 2013 Order. (November 18th Order at 13.) The Court also granted Plaintiff leave to amend his Complaint to add the Commission, the DNC, or the RNC should he discover, at a later date, that P.O. Marcantonio was employed by any of these entities on the date in question. (November 18th Order at 13-14.) Finally, the Court also ruled that Plaintiff's Complaint would proceed against P.O. Marcantonio but ordered Plaintiff to provide the Court with an address for P.O. Marcantonio in writing within thirty days in order to permit the United States Marshals Service ("USMS") to serve copies of the Summons, Complaint, and the November 18th Order upon P.O. Marcantonio. (November 18th Order at 14.)

2

On December 12, 2013, Plaintiff moved for an extension of time to file an amended complaint. (Docket Entry 9.) On December 17, 2013, the Court granted Plaintiff's request and ordered Plaintiff to file an amended complaint by December 28, 2013. On December 18, 2013, Plaintiff filed a document that he identified as an "Amended Complaint." (Docket Entry 11.) However, the December 18th filing does not include any allegations purporting to cure the pleading deficiencies of the original Complaint as against Hofstra and Rabinowitz. Rather, the December 18th filing contains a motion for recusal of the Undersigned and a reiteration of Plaintiff's previous request for the twenty-day extension of time to file an amended complaint. The December 18th filing also provided the Court with an address of "Commission on Presidential Debates, 1200 New Hampshire Avenue, NW, Washington, DC 20036" for service of the Summons, Complaint, and the November 18th Order on P.O. Marcantonio. (Docket Entry 11 at 5.)

On December 27, 2013, Plaintiff filed another document that he identified as a "Crucial Addendum to Amended Complaint." (Docket Entry 12.) However, like Plaintiff's prior filing on December 18th, the December 27th filing did not include any allegations purporting to cure the pleading deficiencies of the original Complaint as against Hofstra and Rabinowitz, but Plaintiff did request an additional twenty-day extension to file an amended complaint. Since that time, Plaintiff has filed an

3

additional motion for recusal of the Undersigned and motion for an "open-ended extension of time . . . until Vito Marcantonio . . . is found, identified, and served by the U.S. Marshall." (Docket Entry 13.) Plaintiff also filed prolix documents on February 4, 5, and 10, 2014. (Docket Entries 15-17.) Like Plaintiff's previous filings, none of these filings includes any facts or allegations that Hofstra or Rabinowitz were acting under color of state law, nor are there any facts from which the Court could reasonably construe a conspiracy claim against either Hofstra or Rabinowitz. However, in his February 5, 2014 filing, Plaintiff provided a new address for P.O. Marcantonio at "144 Hofstra University, Hempstead, NY 11549." (Docket Entry 16.)

Based on the foregoing, the Court makes the following rulings:

Since Plaintiff has failed to provide the Court with an amended complaint addressing the pleading deficiencies of the original Complaint as against Hofstra and Rabinowitz as required by the November 18th Order, Plaintiff's claims against Hofstra and Rabinowitz are DISMISSED WITH PREJUDICE.

Since Plaintiff has provided the Court with an address to serve P.O. Marcantonio, the Clerk of the Court is DIRECTED to issue a Summons against P.O. Marcantonio and forward it to the USMS together with the Complaint and the November 18th Order for service upon P.O. Marcantonio at "144 Hofstra University,

4

Hempstead, NY 11549." Accordingly, Plaintiff's motion for an "open-ended extension of time . . . until Vito Marcantonio . . . is found, identified, and served by the U.S. Marshall" is DENIED.

Finally, the Court DENIES Plaintiff's motion for recusal of the Undersigned. Plaintiff states that the Undersigned "should recuse herself from any further hearing of this case, due to the clearly biased, subjective nature of her November 18th dismissal." (Docket Entry 11 at 1.) However, Plaintiff alleges no fact, besides his own subjective dissatisfaction with the rulings contained in the November 18th Order and Judge Joseph F. Bianco's prior recusal from this case[1], as a basis for his motion.

Although Plaintiff has not identified which statute or rule he relies upon in making his motion, Plaintiff's allegations do not support a finding of impartiality, personal bias, or prejudice under either 28 U.S.C. § 455 or 28 U.S.C § 144, the two statutes that require recusal or disqualification due to impartiality, personal bias, or prejudice. It is well-settled that a motion for recusal "may be made only on the basis of alleged bias or prejudice from an extrajudicial source," not upon court's rulings or conduct. Goodwine v. Nat'l R.R. Passenger Corp., No. 12-CV-3882, 2014 WL 37850, at *2 (E.D.N.Y. Jan. 6, 2014); see also Rajagopala v. Trustees of Columbia Univ., No. 06-CV-6841, 2012 WL

---

[1] On October 31, 2013, Judge Bianco recused himself from this action pursuant to 28 U.S.C. § 455.

5

2878123, at *9 (S.D.N.Y. July 13, 2012) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . .") (quoting Weisshaus v. Fagan, 456 F. App'x 32, 35 (2d Cir. 2012)); United States v. El-Gabrowny, 844 F. Supp. 955, 959 (S.D.N.Y. 1994) ("[B]ecause it is in the nature of a judge's job to rule, and any ruling must favor one side and disfavor the other, rulings during the course of a case generally are not regarded as evidence of bias . . . ."). Accordingly, Plaintiff's motion for recusal is DENIED.

CONCLUSION

Plaintiff's claims against Hofstra and Rabinowitz are DISMISSED WITH PREJUDICE.

The Clerk of the Court is DIRECTED to issue a Summons against P.O. Marcantonio and forward it to the USMS together with the Complaint and the November 18th Order for service upon P.O. Marcantonio at 144 Hofstra University, Hempstead, NY 11549.

Plaintiff's motion for an "open-ended extension of time . . . until Vito Marcantonio . . . is found, identified, and served by the U.S. Marshall" is DENIED.

Plaintiff's motion for recusal of the Undersigned is DENIED.

Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore

6

in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

      The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Plaintiff.

                                    SO ORDERED.

                                    /s/ JOANNA SEYBERT  
                                    Joanna Seybert, U.S.D.J.

Dated:    February   25  , 2014  
            Central Islip, New York

7