```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WALTER G. PIETSCH,

                        Plaintiff,
                                                MEMORANDUM & ORDER
            -against-                           13-CV-4696(JS)(SIL)

POLICE OFFICER VITO MARCANTONIO,
SHIELD # 299,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:          Walter G. Pietsch, pro se
                        P.O. Box 10057
                        Westbury, NY 11590

For Defendants:         No appearances.
```

SEYBERT, District Judge:

Pending before the Court are motions from pro se plaintiff Walter G. Pietsch ("Plaintiff") to: (1) "correct the captioning of this action" to include the Commission on Presidential Debates ("Commission"), the Democratic National Committee ("DNC"), the Republican National Committee ("RNC"), Hofstra University ("Hofstra"), President Barack Obama ("President Obama"), US Secret Service, the Nassau County Police Department, the Associated Press, CNN, the New York Times, and Newsday as defendants; and (2) subpoena several individuals and entities, including President Barack Obama. (See Docket Entries 32 and 35.) For the reasons that follow, the motions are DENIED and the Complaint is DISMISSED WITHOUT PREJUDICE.

BACKGROUND

On August 21, 2013, Plaintiff filed an in forma pauperis civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Police Officer Vito Marcantonio, Shield # 299 ("P.O. Marcantonio"), Hofstra, Stuart Rabinowitz ("Rabinowitz"), the Commission, the DNC, and the RNC. By Memorandum and Order dated November 18, 2013, the Court granted Plaintiff's application to proceed in forma pauperis and dismissed without prejudice and with leave to amend Plaintiff's claims against Hofstra, Rabinowitz, the Commission, the DNC, and the RNC, and permitted Plaintiff's claims against P.O. Marcantonio to proceed. (Nov. 18, 2013 M&O, Docket Entry 7.) Accordingly, the Court ordered Plaintiff to provide the Court with an address for P.O. Marcantonio in writing within thirty (30) days from the date of the M&O in order to permit the United States Marshal Service ("USMS") to serve copies of the Summons, Coomplaint, and the M&O upon P.O. Marcantonio. (Nov. 18, 2013 M&O at 14.)

On December 12, 2013, Plaintiff moved for an extension of time to file an amended complaint. (Docket Entry 9.) On December 18, 2013, the Court granted Plaintiff's request and ordered Plaintiff to file an amended complaint by December 28, 2013. On December 18, 2013, Plaintiff filed a document that he identified as an "Amended Complaint." (Docket Entry 11.)

However, the December 18th filing did not include any allegations purporting to cure the pleading deficiencies of the original Complaint as against Hofstra and Rabinowitz.  Rather, the December 18th filing contained a motion for recusal of the undersigned and a reiteration of Plaintiff's previous request for the twenty-day extension of time to file an amended complaint.  The December 18th filing also provided the Court with an address of "Commission on Presidential Debates, 1200 New Hampshire Avenue, NW, Washington, DC 20036" for service of the Summons, Complaint, and the November 18th Order on P.O. Marcantonio.  (Docket Entry 11 at 5.)

On December 27, 2013, Plaintiff filed another document that he identified as a "Crucial Addendum to Amended Complaint." (Docket Entry 12.)  However, like Plaintiff's prior filing on December 18th, the December 27th filing did not include any allegations purporting to cure the pleading deficiencies of the original Complaint as against Hofstra and Rabinowitz, but Plaintiff did request an additional twenty-day extension to file an amended complaint.  Plaintiff also filed a second motion for recusal of the undersigned and a motion for an "open-ended extension of time . . . until Vito Marcantonio . . . is found, identified, and served by the U.S. Marshall."  (Docket Entry 13.)  Plaintiff also filed prolix documents on February 4, 5, and 10, 2014.  (Docket Entries 15-17.)  Like Plaintiff's

3

previous filings, none of these filings included any facts or allegations that Hofstra or Rabinowitz were acting under color of state law, nor were there any facts from which the Court could reasonably construe a conspiracy claim against either Hofstra or Rabinowitz. However, in his February 5, 2014 filing, Plaintiff provided a new address for P.O. Marcantonio at "144 Hofstra University, Hempstead, NY 11549." (Docket Entry 16 at 1.)

Accordingly, by Memorandum and Order dated February 25, 2014, the Court: (1) dismissed Plaintiff's claims against Hofstra and Rabinowitz with prejudice; (2) denied Plaintiff's motion for an "open-ended extension of time" to locate and serve P.O. Marcatonio; (3) directed the Clerk of the Court to issue a summons against P.O. Marcantonio and to forward it to the USMS together with the Complaint and the M&O for service upon P.O. Marcantonio at 144 Hofstra University, Hempstead, NY 11549; and (4) denied Plaintiff's motion for recusal of the undersigned. (Feb. 25, 2014 M&O, Docket Entry 18, at 6.)

On May 5, 2014, the Court received a process receipt and return from the USMS indicating that it was unable to serve P.O. Marcantonio at the address previously provided to the Court. (Docket Entry 22.) Based upon Plaintiff's filings herein, it is unclear whether P.O. Marcantonio was a police

officer or a public safety official employed by Hofstra University. In a Memorandum and Order dated May 15, 2014, the Court reauthorized service of the Summons and Complaint on P.O. Marcantonio at Hofstra, to the extent that P.O. Marcantonio was employed in any capacity by Hofstra. (May 15, 2014 M&O, Docket Entry 24.)[1] On October 10, 2014, the Court again received a process receipt and return from the USMS stating that the general counsel of Hofstra would not accept service since "no such individual works at [the] univ[ersity]." (Docket Entry 27.)

Plaintiff filed a motion dated June 6, 2014 insisting that P.O. Marcantonio is employed by Hofstra and requesting the Court order the USMS to return to Hofstra to obtain information as to P.O. Marcantonio's identity. (See, Docket Entry 26.) Plaintiff also moved for in forma pauperis status "for all appeals in the future." (See, Docket Entry 28.) By Memorandum and Order dated February 26, 2015, Plaintiff's motion was denied. (Feb. 26, 2015 M&O, Docket Entry 31.) However, the Court ordered the USMS to attempt service one additional time. The Clerk of the Court was directed to issue a Summons and Rider identical to the previous Summons and Rider at Docket Entry 25

---

[1] The Court's May 15, 2014 M&O also denied Plaintiff's request to subpoena Hofstra's President and its Director of Public Safety to identify P.O. Marcantonio because it was premature. (See, Docket Entry 24 at 2.)

5

and forward them to the USMS together with the Complaint, the Court's November 18, 2013 and May 15, 2014 M&O's and the February 26, 2015 M&O for service upon P.O. Marcantonio. The Court cautioned Plaintiff that "[i]f the USMS cannot effectuate service this third time, the Court will have no choice but to dismiss this action." (Feb. 26, 2015 M&O at 2.) Finally, the Court denied Plaintiff's motion for in forma pauperis status "for all appeals in the future." (Feb. 26, 2015 M&O at 2.)

On February 11, 2016, the USMS filed a Return of Service unexecuted for P.O. Marcantonio. Service was attempted by the USMS at: (1) 1000 Fulton Avenue, Hempstead, New York; (2) 144 Hofstra University, Hempstead, New York; and (3) Hofstra University Dept. of Public Safety and Information Center. (See, Docket Entry 37.)

DISCUSSION

I. Plaintiff's Present Applications

On March 16, 2015, Plaintiff filed a "Motion and Response to Judge Seybert's Memorandum and Order Dated February 26, 2015." (March 2015 Mot., Docket Entry 32.) Plaintiff objects to the Feb. 26, 2015 M&O in its entirety except that Plaintiff "approves" insofar as the USMS was directed to return to Hofstra to serve P.O. Marcantonio. (March 2015 Mot. at 2.) Plaintiff seeks to: (1) subpoena Michael Finnerman, who Plaintiff claims is employed by Hofstra's Department of Public

Safety, and permit Plaintiff to depose him, inter alia, "as to the true identity of 'Vito Marcantonio' (most likely a fictious name)"; (2) subpoena Hofstra President Rabinowitz and permit Plaintiff to depose him, inter alia, "regarding the identity of the 'phantom law man'"; and (3) "correct the captioning of this action" to include the Commission, the DNC, the RNC, Hofstra, President Obama, the US Secret Service, the Nassau County Police Department, the Associated Press, CNN, the New York Times, and Newsday, as defendants. (March 2015 Mot. at 1-3.) Finally, Plaintiff "AGAIN request[s] [the Court] to approve Plaintiff's proceeding 'in forma pauperis' [on appeal]." (March 2015 Mot. at 4.)

On May 1, 2015, Plaintiff filed a "Motion to Subpoena the following Defendants: President Barack Obama; US Secret Service; Commission on Presidential Debates; Democratic National Committee; Republican National Committee; [and the] Nassau County Police Department" for deposition. (May 2015 Mot., Docket Entry 35.) Plaintiff seeks depose these parties in an effort to ascertain, inter alia, who was responsible for security arrangements at the October 16, 2012 Presidential Debate held at Hofstra, presumably in an effort to ascertain the true identity and/or employer of P.O. Marcantonio. (May 2015 Mot. at 1-2.)

7

Because both of these applications largely address issues already heard and decided by the Court, the Court liberally construes these pro se submissions as motions for reconsideration.

II. Legal Standard

"Motions for reconsideration may be brought pursuant to [Federal Rules of Civil Procedure] 59(e) and 60(b) and Local Rule 6.3." In Re Gentiva Sec. Litig., 971 F. Supp. 2d 305, 332 (E.D.N.Y. 2013). "A motion for reconsideration is appropriate when the moving party believes the Court overlooked important 'matters or controlling decisions' that would have influenced the prior decision." Id. (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). "The standard for granting a motion for reconsideration pursuant to either Fed. R. Civ. P. 59(e) or Local Civil Rule 6.3 is strict, and reconsideration will generally be denied." Herschaft v. N.Y. City Campaign Fin. Bd., 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). In addition, party seeking reconsideration may not raise new arguments and issues. Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Thus, reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., Ltd., 186 F. Supp. 2d

8

402, 410 (S.D.N.Y. 2002); see also Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (noting that the standard for reconsideration is "strict" and that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.")

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b). The Second Circuit instructs that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); accord Empresa Cubana Del Tabaco v. General Cigar Co., 385 F. App'x 29, 31 (2d Cir. 2010). Further, Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the Court has overlooked." See Local Civ. R. 6.3.

III. Analysis

Plaintiff's applications provide no controlling decisions or data which the Court may have overlooked. In fact, Plaintiff cites no case law in his motions nor does he point to

9

any controlling matters which the Court overlooked. Even given the liberal construction afforded to Plaintiff's submissions, the Court can discern no legal basis for granting Plaintiff's motions. Furthermore, Plaintiff does not indicate any exceptional circumstances which would warrant such relief. Accordingly, Plaintiff's motions are DENIED.

Moreover, insofar as Plaintiff seeks to compel the Court to issue subpoenas to the non-parties[2] identified above, including the President of the United States, the Court finds that Plaintiff's submission does not comply with Federal Rule of Civil Procedure 45. Subpoenas directed to non-parties are governed by Rule 45 of the Federal Rules of Civil Procedure. Rule 45(a)(3) provides that the Clerk of the Court shall issue a signed but blank subpoena to the party requesting it, who is responsible for completing the subpoena for service. Plaintiff has not requested that the Clerk issue a subpoena nor has he annexed the subpoenas to his applications. Thus, Plaintiff has not complied with Rule 45. And, assuming arguendo that Plaintiff had complied with Rule 45, the Court finds that

---

[2] Notwithstanding Plaintiff's attempt to include some of these individuals and entities as defendants by seeking to "correct the caption" they remain non-parties. Unless and until the Court permits the Plaintiff to further amend his Complaint, which it does not, Plaintiff cannot add defendants by simply "correct[ing] the caption."

Plaintiff's requests to subpoena new defendants for purposes of expediting discovery are unreasonable.

When presented with requests for expedited discovery of this nature, district courts in this Circuit have considered "a variety of reasonableness-based tests." Catlin v. Global, 14-CV-6324, 2014 WL 3955220, *2 (W.D.N.Y. Aug. 13, 2014); see also Litwin v. OceanFreight, Inc., 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011). To satisfy the reasonableness standard, the party seeking discovery must "prove that the requests are reasonable under the circumstances." N. Atl. Operating Co. v. Evergreen Distribs., LLC, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (internal quotation marks and citation omitted)). Here, Plaintiff has not provided any basis for the Court to reasonably conclude that any of the individuals and/or entities that he seeks to subpoena have the information he seeks. Rather, Plaintiff has cast a wide net--that includes the President of the United States--in an effort to ascertain the identity of an individual with whom Plaintiff claims to have interacted nearly three and a half years ago. Whether any of the individuals and/or entities sought to be subpoenaed would have such information is dubious, at best. Accordingly, because the Court finds that Plaintiff's request for expedited discovery is patently unreasonable, his applications are DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's motions (Docket Entries 32 and 35) are DENIED. Given that the Plaintiff has been unable to provide the USMS with an address at which P.O. Marcantonio can be served, and their efforts to serve P.O. Marcantio at the three addresses provided by Plaintiff on three occasions have been unsuccessful, the Court has no choice but to DISMISS THE COMPLAINT WITHOUT PREJUDICE. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff at his last known address and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  16 , 2016
       Central Islip, New York